```
FILED  Wm

        JUN - 1 2005

UNITED STATES BANKRUPTCY COURT
  EASTERN DISTRICT OF CALIFORNIA
```

1 | **7**
TRUDI G. MANFREDO, Bar No. 166474
2 | Attorney at Law
545 East Alluvial, Suite 112
3 | Fresno, California 93720
Telephone:   (559) 449-9069
4 | Facsimile:   (559) 449-9016

5 | Attorney for Randell Parker
Chapter 7 Trustee
6

7

8 |                 **UNITED STATES BANKRUPTCY COURT**

9 |                 **EASTERN DISTRICT OF CALIFORNIA**

10 |                         **FRESNO DIVISION**

11 | In the Matter of              ) Case No. 02-10465-A-7
                                  )
12 | SAMMYE A. RICHARDSON,         ) Chapter 7
                                  )
13 |              Debtor.          ) Adversary No. 04-1320-A
                                  )
14 | (Michael Amir Richardson      ) TGM-1
Case No. 02-10810-A-7)            )
15 |              Debtor.          )
   _____ )
16 |                              )
RANDELL PARKER, TRUSTEE,          )
17 |                              )
             Plaintiff,           ) Date: May 18, 2005
18 |                              ) Time: 1:30 p.m.
      vs.                         ) 1300 18th Street
19 |                              ) Bakersfield, California
SAMMYE A. RICHARDSON              ) The Honorable Whitney Rimel
20 |                              )
             Defendant            )
21 |                              )
   _____ )
22

23 |       **FINDINGS OF FACT AND CONCLUSIONS OF LAW REGARDING**
        **PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT OR, IN THE**
24 |              **ALTERNATIVE, SUMMARY ADJUDICATION**

25 |     Trustee's Motion for Summary Judgement or, in the Alternative

26 | Summary Adjudication ("Motion") came on regularly for Hearing on May

27 | 18, 2005 at 1:30 p.m. in the United States Bankruptcy Court, 1300 18th

28 | Street, Bakersfield, California.

---

1

46

1 | Attorney Trudi G. Manfredo appeared on behalf of Randell Parker,
2 | Chapter 7 Trustee.  There were no other appearances.

3 | **Request for Continuance**

4 |     Debtor filed a request that the hearing on the Motion be
5 | continued.  Under the entire facts and circumstances of this case,
6 | the Court is unwilling to grant a continuance.

7 |     Ms. Richardson states that she's unable to be in Court today
8 | because she is in school in Arizona; however, the pleading that
9 | requested the continuance was filed in Fresno, California, on
10 | Thursday, May 12, 2005.  The Richardsons came to the Courthouse on
11 | May 12, 2005 to file the document.  The motion might have been
12 | granted had there been any grounds stated in the request for a
13 | continuance that indicated any cognizable ground for opposing either
14 | motion, but there was not.

15 | **Motion for Summary Judgment**

16 |     The Motion, which was filed and served on April 19, 2005, was
17 | adequately noticed on twenty-eight days' notice.  There was no timely
18 | opposition to the Motion.

19 |     The Court deems much of the material in the applications for a
20 | continuance and in the counter motion for summary judgment to be an
21 | opposition to the Motion in each adversary proceeding filed by
22 | Plaintiff.

23 |     Through this adversary proceeding, Plaintiff seeks to deny
24 | Debtor's discharge.  It is sufficient to deny a discharge if only one
25 | ground for denial of discharge is found.  The Court need not find
26 | that every single ground exists to deny a discharge.  There are
27 | sufficient grounds to deny the discharge of Sammye and Michael
28 | Richardson.

One of the grounds for denial of discharge that Plaintiff asserts is failure to deny court orders.  To the extent that the orders that were not obeyed were discovery orders, wherein terminating sanctions were issued, or attorneys fees were issued, in the Court's view, additionally sanctioning the Debtors by denying their discharge would be excessive.

Mr. Richardson originally filed Chapter 13 case in the Eastern District of California, Case No. 01-17082 on July 27, 2001.  This case was dismissed because of exceeding the jurisdictional limit on July 14th, 2002.

Mr. Richardson then filed a Chapter 11 petition on January 28, 2002 in the Eastern District of California.  An order converting the case to one under a Chapter 7 was entered on March 29, 2002 and is the current case herein.

Mrs. Richardson filed a Chapter 13 on August 2, 2001, Case No. 01-17521, which was terminated on November 12, 2001.

Mrs. Richardson then filed a Chapter 11 petition on January 17, 2002 in the Easter District of California.  An order converting the case to one under Chapter 7 was entered on April 1, 2002 and is the current case herein.

On February 25, 2002, both Mr. and Mrs. Richardson each filed Chapter 11 cases in the Eastern District of Arizona which were terminated July 31, 2002.

The standards for granting summary judgment are found in Rule 56 of the Federal Rules of Civil Procedure, which are made applicable here by Rule 7056 of the Federal Rules of Bankruptcy Procedure.  If the evidence submitted by the moving party shows there's no genuine issue of material fact and that the moving party is entitled to

1  judgment as a matter of law, judgment shall be entered in favor of
2  the moving party.

3      The Court does not weigh the evidence in a motion for summary
4  judgment.  It simply determines whether there's a genuine issue for
5  trial.  <u>In re Schwinn Bicycle Company</u>, 182 B.R. 514 (N.D. Illinois
6  1995).

7      None of the matters raised in the materials filed by Mr. and
8  Mrs. Richardson in connection with these motions raises a genuine
9  issue for trial on the subject of whether they, or either of them,
10 should be entitled to a discharge under 11 U.S.C. § 727 of the
11 Bankruptcy Code.

12     Objections to discharge are liberally construed in favor of
13 debtors, but the discharge is only for honest debtors who cooperate
14 with the Court and the trustee.  <u>In re Bernard</u>, 96 F.3d 1279, 1281
15 (9th Cir. 1996).

16     The standard that the Court uses is the preponderance of the
17 evidence standard.  <u>In re Scott</u>, 172 F.3d 959 (7th Cir. 1999).
18 The court will not ~~I am not going to~~ deny discharge based on failure to obey Court
19 orders.  But the court ~~I~~ will generally find, and the evidence compiled by
20 moving party shows, that the defendants, and each of them, have
21 continually violated Court orders in these Chapter 7 cases and in
22 various adversary cases.  They, and each of them, particularly Mrs.
23 Richardson, have filed numerous documents that are replete with
24 irrelevant, incomprehensible, and defamatory material, despite
25 having been told by the Court in writing and from the bench that she
26 should not continue to do so.  This finding applies specifically to
27 Mrs. Richardson, not Mr. Richardson.

28 /////

4

1 | Mr. and Mrs. Richardson both filed schedules of assets and
2 liabilities in their respective bankruptcy cases.  The schedules of
3 assets and liabilities filed in these cases omitted assets that
4 could be and, in fact, were administered by the trustee.   Each of
5 the Richardsons' Schedule B failed to list a lawsuit against the
6 Bank of America and notes secured by a deed of trust.   The notes
7 were held by MR Investments 1, a sole proprietorship consisting of
8 Michael Richardson and Sammye Richardson.   There was no indication
9 of these notes on the schedules of either Michael or Sammye
10 Richardson, but the trustee was able to administer them.

11 | The schedules and statements of affairs were signed by the
12 Richardsons, and each of them under oath, and these schedules as
13 stated above, omitted material assets.  (11 U.S.C. section 727
14 (4)(A)).

15 | Even of more importance to the Court is that neither Mrs.
16 Richardson nor Mr. Richardson ever allowed themselves to be examined
17 under oath regarding the assets and liabilities of the bankruptcy
18 estate.   11 U.S.C. section 341(a) meetings were held by the Trustee.
19 It is a requirement of a bankruptcy case that debtors attend the 341
20 meeting and cooperate with the trustee in the liquidation of assets.
21 Both Mr. And Mrs. Richardson failed to attend their depositions,
22 even after they were ordered to do so, in an adversary proceeding to
23 set aside a fraudulent transfer.

24 | The Court finds that Mr. And Mrs. Richardson, and each of them,
25 did remove, conceal, or permit to be removed property of the estate
26 after the date of filing the petition.   Concealment includes
27 preventing discovery, fraudulently transferring or withholding
28 knowledge or information required by law to be made known.   And the

1  refusals to attend depositions and the refusals to attend 341
2  meetings are, indeed, such instances of concealment, as are the
3  failures to schedule assets of the estate. (11 U.S.C. section
4  727(a)(2)(B)).

5      Mrs. Richardson and Mr. Richardson have sued the trustee's
6  agents, buyers and prospective buyers of the bankruptcy estate
7  property, have sued the trustee, have sued the trustee's attorney,
8  have sued members of the Court of the Eastern District of
9  California.

10     The trustee had to file an action to obtain injunctive relief
11 in order to allow a sale of real property of this estate to go
12 forward because Mrs. Richardson interfered with the sale, and the
13 trustee was required to come to this court to get an injunction
14 against that interference.

15     The debtors have failed to explain satisfactorily before the
16 determination of denial of discharge any loss of assets or
17 deficiency of assets to meet liabilities. Because neither Mr. or
18 Mrs. Richardson have not provided any explanation for any loss of
19 assets or deficiency of assets, they have failed to explain this
20 satisfactorily (11 U.S.C. section (a)(5)).

21     The Richardsons filed a document applying for summary judgment
22 themselves in Adversary No. 04-1320, captioned, "Application for
23 summary judgment in favor of victim, Michael Richardson, who has been
24 held in a bankruptcy based on premeditation of officers of the court
25 and deep-party accomplices in support of the May 4th, 2005, opposition
26 to Randell Parker's motion for summary judgment or adjudication, and
27 his own motion filed as a joinder to Sammye Richardson's motion for
28 extension to respond to Parker-Manfredo motion for summary judgment

6

1  ... set for May 18th"

2      This document says nothing about the Richardsons' failure to
3  cooperate in discovery, failure to testify at the 341 meetings,
4  failure to schedule assets on their bankruptcy schedules, and
5  interference with the trustee's liquidation of assets.  It simply
6  repeats accusations made by the Richardsons about unrelated third
7  parties, having to do primarily with the District Court action and
8  what the Richardsons view is the scheme by numerous people against
9  them.  None of it has to do with any relevant fact before the Court
10  in these two 11 U.S.C. section 727 actions.

11      For all these reasons the Court finds and concludes that
12  Plaintiff's Motion for Summary Judgment in each of these adversary
13  proceedings should be granted.  There are no disputed issues of
14  material fact.  Neither Sammye Richardson nor Michael Richardson is
15  entitled to a discharge in either of these Chapter 7 cases.

16  Dated:   6/1/05

17

18  WHITNEY RIMEL
    UNITED STATES BANKRUPTCY JUDGE

7